IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | |
|---|---|
| ERIC L. WAGNER, JR., | ) )  Civil Action No. 2:25-cv-01959 |
| Petitioner, | ) ) United States District Judge |
| vs. | ) William S. Stickman, IV ) |
| COMMONWEALTH OF PENNSYLVANIA, WESTMORELAND COUNTY DISTRICT ATTORNEY, and ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA, | ) ) United States Magistrate Judge ) Christopher B. Brown ) ) ) ) |
| Respondents. | |

REPORT AND RECOMMENDATION

**Christopher B. Brown, United States Magistrate Judge**

I.      Recommendation

This matter was initiated by the filing of a pro se Notice of Removal filed by Eric L. Wagner, Jr.  ECF No. 1.  The Notice was received without the filing fee or a motion for leave to proceed in forma pauperis.  Petitioner, Eric L. Wagner, Jr., is the subject of criminal proceedings currently pending before the Magisterial District Court of Westmoreland County, Pennsylvania at Case No. MJ-10310-CR-0000293-2025.  *Id., see also* ECF No. 1-1.  The Notice has been reviewed pursuant to 28 U.S.C. § 1455(b)(4).  For the reasons set forth below, it is recommended the matter be summarily remanded to the state courts for further proceedings.

II.   Report

    A.   Background

Based on the notice and exhibits to the notice, as well as the publicly available state court docket, to which the Court takes judicial notice, Wagner was charged by criminal complaint dated October 24, 2025, with fifteen counts of use/possession of drug paraphernalia and three driving infractions, stemming from incidents which occurred on October 31, 2023. ECF No. 1-1, *see also* publicly available docket at https://ujsportal.pacourts.us/Report/MdjDocketSheet?docketNumber=MJ-10310-CR-0000293-2025. The docket reflects Wagner is awaiting a preliminary hearing.

Wagner claims he has been the subject of a "pattern of selective and retaliatory enforcement targeting Defendant based on race, in violation of § 1981 and the Equal Protection Clause. Similarly situated white motorists in Westmoreland County are not subjected to delayed charging, duplicative enforcement, or procedural disadvantage." ECF No. 1, at 2. He further contends he "has previously raised his federal civil rights" claims in state court to no avail. *Id.* at 3. Wagner claims "[t]he facts of this case are not isolated but reflect a broader pattern of racial disparities in criminal enforcement in Westmoreland County" and "[t]his pattern of racial disparity, combined with the inability to assert federal civil rights in state court, supports the propriety of removal under 28 U.S.C. § 1443(1)." *Id.* at 3-4.

## B. Discussion

Title 28, United States Code, section 1455, sets out the procedure for removal of criminal prosecutions from state court to federal court. It provides as follows:

> **(a) Notice of removal**. -- A defendant or defendants desiring to remove any criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such prosecution is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.
>
> **(b) Requirements**. -- **(1)** A notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time.
>
> **(2)** A notice of removal of a criminal prosecution shall include all grounds for such removal. A failure to state grounds that exist at the time of the filing of the notice shall constitute a waiver of such grounds, and a second notice may be filed only on grounds not existing at the time of the original notice. For good cause shown, the United States district court may grant relief from the limitations of this paragraph.
>
> **(3)** The filing of a notice of removal of a criminal prosecution shall not prevent the State court in which such prosecution is pending from proceeding further, except that a judgment of conviction shall not be entered unless the prosecution is first remanded.
>
> **(4)** The United States district court in which such notice is filed shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand.

> **(5)** If the United States district court does not order the summary remand of such prosecution, it shall order an evidentiary hearing to be held promptly and, after such hearing, shall make such disposition of the prosecution as justice shall require. If the United States district court determines that removal shall be permitted, it shall so notify the State court in which prosecution is pending, which shall proceed no further.
>
> **(c) Writ of habeas corpus.**—If the defendant or defendants are in actual custody on process issued by the State court, the district court shall issue its writ of habeas corpus, and the marshal shall thereupon take such defendant or defendants into the marshal's custody and deliver a copy of the writ to the clerk of such State court.

28 U.S.C. § 1455.

The substantive grounds for removal of a criminal prosecution are set out in 28 U.S.C. §§ 1442, 1442a, and 1443. *See Pennsylvania v. Williams*, No. 3:15-CV-1022, 2015 WL 3440273, at *1 (M.D. Pa. May 27, 2015). Section 1442 allows for removal of criminal prosecutions in certain instances against federal officers or agencies, and section 1442a allows for removal of criminal prosecutions in certain instances against members of the armed forces. *See* 28 U.S.C. §§ 1442 and 1442a.

Section 1443 allows for removal in two situations. Section 1443(1) authorizes the removal of a state law civil or criminal action "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof[.]" 28 U.S.C. § 1443(1). Under this provision, "a state court defendant must demonstrate both (1) that he is being deprived of rights guaranteed by a federal law 'providing for. . . equal civil rights'; and (2) that he is 'denied or

4

cannot enforce' that right in the courts' of the state." *Davis v. Glanton,* 107 F.3d 1044, 1047 (3d Cir. 1997) (quoting *Georgia v. Rachel*, 384 U.S. 780, 788 (1966)).

Under the first requirement, the defendant must allege a deprivation of rights guaranteed by a federal law "providing for specific civil rights stated in terms of racial equality." *Id.* Under the second requirement, removal is available where the defendant's federal civil rights would "inevitably be denied by the very act of being brought to trial in state court." *New Jersey v. Thomas*, 344 F. App'x 727, 728 (3d Cir. 2009) (per curiam) (quoting *Davis*, 107 F.3d at 1047, 1049) (citations omitted).

Section 1443(2) permits removal of a state law civil or criminal action "[f]or any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." 28 U.S.C. § 1443(2). This provision "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights[,]" or upon state officers who refuse to enforce racially discriminatory laws. *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 824 (1966).

Here, Wagner satisfies none of the substantive criteria for removal of a criminal prosecution. Wagner is not a federal officer, a state officer, or a member of the armed forces, leaving only § 1443(1) as a possible substantive ground for removal. *See* 28 U.S.C. §§ 1442, 1442a, 1443(2).

5

As the Court of Appeals for the Third Circuit has summarized,

> the removal permitted by 28 U.S.C. § 1443[(1)] is narrow. . . . Where the party seeking removal asserts the violation of his constitutional rights phrased in terms of general rights applicable to all citizens, rather than provisions couched in the specific language of racial equality, there is no basis for removal of an action to federal court. Thus, a defendant seeking to remove a case under § 1443(1) must demonstrate that the rights claimed arise under a provision of the Constitution or federal law specifically designed to promote racial equality, <u>and must also specifically allege that he has been denied or cannot enforce in the state court the right that was created by the civil rights law under which he seeks protection</u>. The allegation of illegal or corrupt acts of individual state officials that might be corrected by the state judiciary, or the mere possibility of an unfair trial in state court, will not justify removal to the federal court under § 1443(1).

*Pennsylvania v. Brown-Bey*, 637 F. App'x 686, 688 (3d Cir. 2016) (per curiam) (citing *Peacock*, 384 U.S. at 829–30; *Rachel*, 384 U.S. at 792; *Davis*, 107 F.3d at 1047) (emphasis added).

Here, although Wagner states he,

> a Black American, was stopped twice in three days by the same officer, based on a false claim. He was prosecuted without notice, subjected to a K-9 search without probable cause, and charged nearly two years later. These facts reflect racially selective and retaliatory enforcement.

> Defendant has experienced firsthand the effects of this discriminatory enforcement: multiple prosecutions by a single officer within days, based on false or pre-textual justifications, followed by criminal charges filed nearly two years later – without notice or opportunity to seek redress in state court. This pattern of racial disparity, combined with the inability to assert federal civil rights in state court, supports the propriety of removal under 28 U.S.C. § 1443(1).

6

ECF No. 1 at 3-4. Although Wagner asserts his federal constitutional rights have been violated, he has not demonstrated he "will be unable to enforce his civil rights in state court."[1] *Delaware v. Burr*, 523 F. App'x 895, 897 (3d Cir. 2013) (per curiam).

Accordingly, because it clearly appears on the face of the notice and exhibits annexed thereto that removal should not be permitted, it is recommended this case be summarily remanded to state court for further proceedings there, pursuant to 28 U.S.C. § 1455(b)(4).

**III.   Conclusion**

For the foregoing reasons, it is recommended that:

1. This matter be summarily REMANDED forthwith to the Westmoreland County Magisterial District Court for District 10-3-10, where it is docketed as *Commonwealth v. Eric Lavelle Wagner*, Docket No. MJ-10310-CR-0000293-2025; and

2. The Clerk be directed to mark this case as CLOSED.

Wagner is permitted to file written specific Objections to this Report and Recommendation to the assigned United States District Judge. In accordance with

---

[1] Wagner generally asserts that he "has previously raised his federal civil rights in state proceedings, including under § 1981, but was unable to obtain any remedy or hearing. At the Magisterial District Court level, there is no mechanism to raise or litigate claims of racially selective prosecution or to assert federal civil rights defenses." ECF No. 1 at 3. Such assertions are insufficient to demonstrate he will be unable to enforce his civil rights in state court in this or any other matter.

7

28 U.S.C. § 636(b)(1), Fed.R.Civ.P. 72(b)(2), and LCvR 72.D.2, Wagner, must file written objections, if any, to this Report and Recommendation by **February 13, 2026**. Wagner is cautioned that failure to file Objections within this timeframe "will waive the right to appeal." *Brightwell v. Lehman*, 637 F.3d 187, 193 n.7 (3d Cir. 2011)(quoting *Siers v. Morrash*, 700 F.2d 113, 116 (3d Cir. 1983). *See also EEOC v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (describing standard of appellate review when no timely and specific objections are filed as limited to review for plain error).

DATED this 26th day of January, 2026.

BY THE COURT:

s/Christopher B. Brown
Christopher B. Brown
United States Magistrate Judge

cc:   ERIC L. WAGNER, JR.
      2178 Pauline Ave
      Pittsburgh, PA 15216
      (via U.S. First Class Mail)